

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-24-00273-CV

## IN RE ANTHONY HOWARD JAMES, M.D.
## AND TREVIN LEE RUBE, N.P.

_____

## Original Proceeding

### From the 170th District Court
### McLennan County, Texas
### Trial Court No. 2022-3324-4

## MEMORANDUM OPINION

Relators filed a petition for writ of mandamus alleging that Respondent, the Hon. Jim Meyer, Judge of the 170th District Court of McLennan County, abused his discretion by (1) *sua sponte* granting the Real Party in Interest leave to designate an expert after the expert designation deadline in the parties' Rule 11 agreement had passed, and (2) denying Relators' subsequent motion to strike the designated expert. Relators seek issuance of a writ compelling Respondent to enforce the expert designation deadline set

in the parties' Rule 11 agreement by vacating the order denying the motion to strike and then striking the expert witness. We deny Relators' petition.

First, Relators have failed to comply with several of the procedural requirements for the issuance of a writ of mandamus, including: (1) failure to file a certified or sworn copy of every document material to their claim for relief; (2) according to their certificate of service, failure to serve Respondent; and, (3) failure to certify that the person filing the petition has reviewed the petition and concluded that every factual statement is supported by competent evidence in the record. *See* TEX. R. APP. P. 9.5(a), 52.2, 52.3(j), 52.3(k)(1)(A), 52.7(a).

Further, Relators have failed to prove that they are entitled to the relief sought. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). To be entitled to mandamus relief, the relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Both of Relators' complaints stem from Respondent's actions at a hearing apparently conducted on March 22, 2024. It was at this hearing that Relators allege that Respondent effectively set aside the parties' Rule 11 agreement without good cause by *sua sponte* permitting the Real Party in Interest to designate an expert after the parties' agreed deadline. In their subsequent motion to strike the expert, and at the hearing on the motion, Relators claimed that Real Party in Interest's expert should be stricken because Respondent's actions at the March

22, 2024 hearing were an abuse of discretion. However, Relators have not provided to this Court any record of the March 22, 2024 hearing. *See* TEX. R. APP. P. 52.7(a). Based on the record before us, we conclude that Relators have not shown that they are entitled to the relief requested.

Accordingly, we deny Relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray dissents)
Petition denied
Opinion delivered and filed October 3, 2024
Do not publish
[OT06]

